DUANE MORRIS LLP
By:    Sharon L. Caffrey, Esquire
One Liberty Place
Philadelphia, PA 19103
(215) 979-1180
Attorneys for Ford Motor Company

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS O'DONNELL and MARIE O'DONNELL, his wife, | CIVIL ACTION NO.  02-CV-3533 |
| Plaintiffs, | ASBESTOS CASE |
| v. | |
| FORD MOTOR COMPANY, et al., | JURY TRIAL DEMANDED |
| Defendants. | |

**FORD MOTOR COMPANY'S ANSWER TO
PLAINTIFFS' COMPLAINT**

Defendant, Ford Motor Company (hereinafter "Ford"), by way of answer to Plaintiffs' Complaint, says as follows:

1.    Defendant Ford denies each and every allegation contained in Plaintiffs' Master Long Form Complaint in Re: Asbestos Litigation in Philadelphia Court of Common Pleas, filed as of October Term 1986, No. 8610-0001 and incorporated by reference in paragraph 1 of Plaintiffs' Complaint herein.  The remainder of the allegations of this paragraph are a conclusion of law, to which no response is required.

2.    Denied.  After reasonable investigation, Defendant Ford is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

3. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

4. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

5. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

6. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

7. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

8. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

9. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

10. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

11. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

12. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

13. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

14. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

15. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

16. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

17. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

18. Admitted in part; denied in part. It is admitted only that Ford Motor Company is a corporation with offices located at the American Road, Dearborn, Michigan. The remainder of the allegations of this paragraph are denied.

19. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

20. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

21. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

22. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

23. The allegations of this paragraph are not addressed to Defendant Ford, and as such no response is required.

24. [Sic]

25. [Sic]

26. The allegations of this paragraph are a conclusion of law, to which no response is required.

27. Denied. After reasonable investigation, Defendant Ford is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

28. Denied. After reasonable investigation, Defendant Ford is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

29. Denied. After reasonable investigation, Defendant Ford is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

30. Denied. After reasonable investigation, Defendant Ford is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

31. Denied. After reasonable investigation, Defendant Ford is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

32. Denied.

33. Denied. After reasonable investigation, Defendant Ford is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

34. Denied. After reasonable investigation, Defendant Ford is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

35. Denied. After reasonable investigation, Defendant Ford is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

36. Admitted.

WHEREFORE, Defendant Ford demands dismissal of Plaintiffs' Complaint and all crossclaims with prejudice, judgment in its favor, together with attorneys' fees, costs of suit, and such other equitable relief as the Court deems proper and just.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Subject matter jurisdiction is lacking.

**THIRD AFFIRMATIVE DEFENSE**

The Court lacks in personam jurisdiction over Defendant Ford Motor Company.

**FOURTH AFFIRMATIVE DEFENSE**

Ford Motor Company denies that the Plaintiff was exposed to any asbestos from its products; however, in the event that such an exposure can be demonstrated, such exposure was so de minimus as to be insufficient to establish to a reasonable degree of probability, that any such products caused or contributed to Plaintiff's alleged injuries.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred by the equitable doctrines of laches and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred by the applicable statute of limitations and/or statute of repose.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries, if caused by other than natural causes, were caused by the Plaintiff, his employer's or others' misuse and abuse of any products supplied by this Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Venue is improper.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's damages and injuries, if any, were proximately caused by the superseding and

intervening negligence of others.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's contributory negligence is a complete or partial bar to the relief sought.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant Ford Motor Company denies any negligence and asserts that any injuries allegedly sustained by the plaintiff are the result of the actions of third parties over whom Ford Motor Company had no control, nor right of control.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff knowingly assumed the risk inherent in the activities engaged in, which he claims caused his injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's employers were knowledgeable and sophisticated users and purchasers of Defendant's products and any duty Ford may have had to warn of any potential danger, incident to the use of its products, which duty is denied, was superseded and/or discharged by the employer's intervening duty to provide all required warnings.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was reasonably and adequately warned of all alleged risks and had actual, constructive or imputed knowledge thereof, and Plaintiff is precluded from recovery against this Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Ford Motor Company had no reason to know or believe that any of the products which it manufactured posed a risk sufficient to create a duty to warn, and denies that it has any common law duty to warn.

### SIXTEENTH AFFIRMATIVE DEFENSE

Ford Motor Company did not make, nor breach any warranties or contracts to the Plaintiff or others.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This matter is barred by reason of the entire controversy doctrine.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of forum non conviens.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by reason of the Worker's Compensation Act.

### CROSSCLAIM FOR CONTRIBUTION AND INDEMNITY

Without admitting any liability, Defendant Ford Motor Company hereby claims entitlement to contribution and/or indemnity, both common law and contractual, from all defendants now named in this action, and all defendants and third party defendants in the future named in this action.

### ANSWER TO ALL CROSSCLAIMS

Defendant Ford Motor Company denies that it is liable for contribution and/or indemnity, whether common law or contractual, to any defendant in this action.

WHEREFORE, Defendant Ford demands dismissal of all crossclaims and/or counter claims.

## JURY DEMAND

Defendant Ford Motor Company demands trial by jury of twelve.

>                    DUANE MORRIS LLP
>
>
>                    By_____
>                         Sharon L. Caffrey
>                         Attorney for Defendant
>                         Ford Motor Company

Date: June 12, 2002

## **CERTIFICATE OF SERVICE**

I, Sharon L. Caffrey, Esquire, hereby that on this 12th day of June, 2002, a true and correct copy of the foregoing Answer to Plaintiffs' Complaint was mailed to Plaintiffs' counsel, via first-class mail, with postage prepaid thereon.

>Gregory N. Bunitsky, Esquire
>Law Offices of Peter G. Angelos, P.C.
>100 Penn Square East
>Suite 1050, Tenth Floor
>Philadelphia, PA 19107

>DUANE MORRIS LLP

>_____
>Sharon L. Caffrey, Esquire

PH2\659096.1